IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| ELVERAGE ALLEN and SHELIA ALLEN | § § § | PLAINTIFFS |
| v. | § § § § | Civil No. 2:22-cv-55-HSO-RHWR |
| BEST WESTERN COLLINS, INC. and JOHN DOE INN | § § | DEFENDANTS |

### ORDER REQUIRING PLAINTIFFS TO BRIEF SUBJECT-MATTER JURISDICTION OR FILE AN AMENDED COMPLAINT THAT ADDRESSES SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction over this case. Plaintiffs Elverage Allen and Shelia Allen ("Plaintiffs") have not sufficiently addressed subject-matter jurisdiction in their Complaint [1] and it is not facially apparent from the Complaint [1] that subject-matter jurisdiction exists. Plaintiffs are required to brief this issue or file an amended complaint on or before **May 17, 2022**.

"Federal Courts are courts of limited jurisdiction" and must presume a civil action lies outside that limited jurisdiction until the party seeking the federal forum meets its burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing federal

jurisdiction rests upon the party asserting it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

There are two primary bases for federal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Under 28 U.S.C. § 1331, the Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Where jurisdiction is based on an allegation of diversity of citizenship, the citizenship of the parties must be "distinctly and affirmatively alleged." *Howery*, 243 F.3d at 919 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). "[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotation omitted).

No federal question is apparent on the face of the Complaint [1], and the Complaint [1] lacks the information required to determine if diversity jurisdiction is present. Specifically, Plaintiffs have failed to allege Defendant Best Western Collins, Inc.'s principal place of business. *See* Compl. [1] at 2. The Complaint [1] merely alleges that Defendant Best Western Collins, Inc. "is a Mississippi

corporation doing business in the State of Mississippi within the territorial limits of Mississippi." *Id*. This allegation is insufficient to plead a corporation's citizenship. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314. Plaintiffs claim to be proceeding under diversity jurisdiction, but in order to do so they must provide the parties' citizenship. *See* Compl. [1] at 2.

**IT IS, THEREFORE ORDERED AND ADJUDGED** that, Plaintiffs must on or before **May 17, 2022**, file a brief or amended complaint that distinctly and affirmatively alleges the parties' citizenship.

**SO ORDERED AND ADJUDGED**, this the 3rd day of May, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE